## HOWE *a.* SEARING.

*New York Superior Court; Special Term, July,* 1860.

### STAY OF PROCEEDINGS.

Though after judgment enjoining defendant, and pending his appeal therefrom, he acts at his peril in disregarding the injunction, yet if by giving proper security on the appeal, he has stayed plaintiff's "proceedings on the judgment," the court will not, pending such appeal, allow an attachment against him for contempt in disregarding the injunction. Such an attachment would be a proceeding on the judgment.

Motion for an attachment.

The action was brought to restrain defendant from infringing plaintiff's trade-marks or name. Plaintiff recovered judgment, which was affirmed at general term, 10 *Ante,* 264; and defendant appealed to the Court of Appeals, and gave security to stay plaintiff's proceedings. Meanwhile he continued his use of the trade-mark or name; and plaintiff now moved for an attachment for contempt.

WOODRUFF, J.—The judgment in this action in terms enjoined and restrained the defendant from using the name of the plaintiff, "Howe," or "Howes," in connection with the business of baking, or as descriptive of the bakery establishment kept by the defendant, or upon the signs or wagons, tickets or bills, used by the defendant; and the said judgment required the defendant forthwith to cause the word "Howe," or "Howes," to be stricken out and erased from any sign on the premises by the defendant, and from any wagon or wagons used by him, and awarded to the plaintiff his costs of suit.

The judgment so rendered being entered, was duly served on the defendant personally; and within the period allowed, therefor, he appealed to the general term of this court, by whom the judgment was affirmed, and the judgment of affirmance was duly served on the defendant personally. Thereupon

the said defendant appealed to the Court of Appeals from the judgment, and the undertaking required to render such appeal a stay of proceedings, by sections 334 and 342 of the Code, was executed and filed.

The plaintiff now moves for an attachment to punish the defendant for a contempt in not obeying the judgment, upon proof that he still continues to use the name of "Howe" and "Howes" on his signs and otherwise, as descriptive of his baking establishment, and upon the signs and wagons used by him, and has not discontinued the use of those names, but continues to use them, and by other means to hold out to the public that the establishment of the defendant is kept and superintended by the plaintiff.

By the express terms of section 342 of the Code, the perfecting of an appeal (in cases not provided for in certain specified sections which do not include the present case) by giving the undertaking mentioned in section 334, shall stay all proceedings in the court below upon the judgment appealed from.

If, therefore, this motion is a proceeding "upon the judgment," the motion is improperly and irregularly made; for as to all such proceedings the plaintiff's hands are tied. And if an attachment and a commitment thereunder for disobeying the judgment appealed from while the appeal is pending, are "proceedings upon the judgment," then the motion, therefore, cannot be granted; for not only the action of the plaintiff, but the action of the court therein, is stayed pending the appeal.

The title of the plaintiff rests on the judgment, and upon that alone. I do not know of any general expression, therefore, which would more plainly include the present application than that which is used in the Code as well as in the Revised Statutes, by both of which "all proceedings in the court below upon the judgment appealed from are stayed."

I think, therefore, that no present proceedings can be taken to punish the defendant for violating the judgment pending the appeal.

It is plausibly suggested that if the defendant, pending the appeal, continue to use the plaintiff's name, the relief which at the end of the litigation he may obtain will be of no value. That the use of his name and reputation by the plaintiff during that time will destroy the whole object and purpose of the suit.

But the answer is equally plausible, if the defendant does obey the judgment of the court pending the appeal, discontinuing the use of the plaintiff's name, which he claims the right to use as an aid to his business and the good-will which he purchased, such a discontinuance will destroy the whole value of the right he claims; at the termination of the appeal, two or three years hence, he cannot regain the advantage which he now has in the use of the name.

Neither of these considerations can prevail in favor of either party. The plaintiff has established his right to enjoin and restrain the defendant. He has judgment, therefore, and has placed the defendant under injunction.

The defendant acts at his peril in disregarding the judgment.

But pending the appeal, proceedings against the defendant for contempt in such disobedience, are proceedings on the judgment, which cannot be prosecuted.

Motion denied.